## No. 27506

**Donald E. Tyler v. The District Court in and for the County of Adams, State of Colorado, and the Honorable Dean Johnson, sitting as a judge of said Court**

(561 P.2d 1260)

Decided March 28, 1977.

Allen P. Mitchem, for petitioner.

Zarlengo, Mott & Zarlengo, Henry V. S. Hall; Paul D. Renner, P.C., Stephen D. Dawson, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner seeks relief in the nature of mandamus from respondent district court's order that he submit to mental and psychiatric examinations pursuant to C.R.C.P. 35(a). We issued our rule to show cause, and now make the rule absolute.

Petitioner Donald E. Tyler filed an action for damages in respondent Adams County district court against Brighton Community Hospital, the hospital association, and named hospital officials, executive committee members, and medical staff members. As a result of alleged wrongful acts detailed in multiple claims, petitioner claimed special damages, plus general damages for "humiliation, mental anguish and suffering, embarrassment, and anxieties," and "emotional distress."

Defendant hospital filed a motion for mental examination of petitioner under C.R.C.P. 35(a), which respondent court initially denied on July 14, 1976. At the pretrial conference on December 17, 1976,

defendant renewed its motion without notice to petitioner. It was defendant's position, as stated in its motion, that

"* * * [T]he plaintiff by making claim against defendants for outrageous conduct and seeking as an element of damages recovery for mental suffering, has placed his mental condition in controversy so that an adequate defense of plaintiff's claims requires that defendant obtain an expert's opinion based upon personal examination of plaintiff. * * *"

At the hearing, despite the assurance of petitioner that his mental condition was not an issue in the case and that he did not intend to present expert testimony concerning his mental suffering and emotional distress, respondent court granted defendant's motion for a psychiatric examination.

A stay of the order was entered and this original proceeding followed.

## I.

As a preliminary matter, respondent argues that this is not a proper case for the exercise of original jurisdiction. We have concluded otherwise.

Relief in the nature of prohibition is appropriate "where the district court is proceeding without or in excess of its jurisdiction," C.A.R. 21(a), or has abused its discretion. *Colo. Spgs. v. Dist. Ct.*, 184 Colo. 177, 519 P.2d 325. Petitioner contends that respondent court exceeded its jurisdiction and abused its discretion by ordering a psychiatric examination in violation of C.R.C.P. 35(a). This court has held that where the damage that may result from the court's abuse of discretion cannot be cured on appeal, mandamus will lie to ensure observance of the rules of civil procedure. *Curtis, Inc. v. Dist. Ct.*, 186 Colo. 226, 526 P.2d 1335.

Petitioner's allegations present a proper case for exercise of our original jurisdiction. Post-judgment appeal obviously cannot reverse the possible adverse consequences of a pretrial psychiatric examination of petitioner.

## II.

C.R.C.P. 35(a) provides in part:

"When the mental or physical condition * * * of a party * * * is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician * * *. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties * * *."

Petitioner received no notice that defendant's motion, denied on July 14, would be renewed on December 17. Although defendant gave notice of the July 14 motion, notice should have again been provided petitioner that the motion was to be renewed. Petitioner's objection to the procedure was overruled.

The notice provisions of Rule 35(a) are mandatory and, absent *proper notice*, the court may refuse to order a physical or a mental examination. Although the foregoing alone might justify our decision, we

deem it appropriate to consider the merits of the court's order.

### III.

■ We hold that Rule 35(a) requires that either the party's physical or mental condition be "in controversy" and that the movant show "good cause" before the court may order that a party submit to a physical or mental examination. As the United States Supreme Court observed in analyzing Rule 35(a)'s federal counterpart:

"[T]he 'in controversy' and 'good cause' requirements of Rule 35 * * * are not met by mere conclusory allegations of the pleadings — nor by mere relevance to the case — but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."

*Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152. *See Haynes v. Anderson*, 304 Minn. 185, 232 N.W.2d 196 (Minn. 1975).

■ Petitioner's mental condition is not in controversy under Rule 35(a). While *Schlagenhauf v. Holder, supra*, states that "[a] plaintiff in a negligence action who asserts mental or physical injury * * * places that mental or physical injury clearly in controversy," petitioner does not allege mental injury as that term is used within the meaning of the rule. A plaintiff's general allegations of mental suffering, mental anguish, emotional distress and the like, do not place his mental condition in controversy under C.R.C.P. 35(a). *Stuart v. Burford*, 42 F.R.D. 591 (N.D. Okla. 1967). *Cf. Webb v. Quincy City Lines, Inc.*, 73 Ill.App.2d 405, 219 N.E.2d 165.

■ The language of petitioner's complaint provides an additional reason for holding that his mental condition is not in controversy. Unlike his special damages, which are described as "continuing and * * * unascertainable at this time," petitioner's general damages are apparently limited to *past* mental suffering. In this situation, his *present* mental condition is not in controversy. *Winters v. Travia*, 495 F.2d 839 (2d Cir. 1974); *Coca-Cola Bottling Co. v. Negron Torres*, 255 F.2d 149 (1st Cir. 1958).

■ Finally, the suggestion that petitioner's mental condition is in controversy because it may bear on his credibility as a witness totally lacks merit. *Cf. Holland v. Bailey*, 390 F.Supp. 618 (S.D. N.Y. 1974); *Landau v. Laughren*, 357 S.W.2d 74 (Mo. 1962). Were that proposition correct, every party, and indeed every witness, would be equally subject to mental examination in every case.

Respondent court is therefore directed to vacate its order granting defendant's motion for mental examination of petitioner and to expunge such order from the court records.

Rule made absolute.

MR. JUSTICE GROVES does not participate.