**No. 28504**

**Western Food Plan, Inc., a Utah Corporation v. District Court in and for the City and County of Denver, The Honorable Joseph R. Quinn, The Honorable Howard Kirschbaum and J. D. MacFarlane, Attorney General**

(598 P.2d 1038)

Decided August 13, 1979. Rehearing denied August 27, 1979.

---

252

Cogswell, Chilson, Dominick & Whitelaw, John M. Cogswell, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Marshall A. Snider, Assistant, Daniel C. Kogovsek, Assistant, for respondents.

*En Banc.*

JUSTICE CARRIGAN delivered the opinion of the Court.

Western Food Plan, Inc. (Western) filed this original proceeding under C.A.R. 21(a) seeking a writ of prohibition against the Denver District Court, and both an injunction and a writ of prohibition against the Colorado Attorney General.

The underlying lawsuit from which this proceeding arose was an action brought by the Attorney General under the Colorado Consumer Protection Act (CCPA). Section 6-1-101 *et seq.*, C.R.S. 1973. The Attorney General, alleging deceptive trade practices, sought an injunction and restitution against Supreme Food Corporation of Colorado (Supreme Colorado), Supreme Food Corporation of Utah (Supreme Utah), Micron Corporation (Micron) and Talon Corporation (Talon). Apparently all the companies initially named as defendants had become defunct before the Attorney General's action was instituted, and their assets had been foreclosed and transferred to Western incident to enforcing security agreements. Western intervened in the underlying lawsuit to protect its interest in the assets of the defunct defendant corporations. The Attorney General met Western's intervention by filing a counterclaim against it for restitution.

Western urges us to prohibit and enjoin the Attorney General from prosecuting, and to prohibit the district court from hearing, the Attorney General's restitution[1] claims. Alternatively, Western asks us to declare section 6-1-110(1) of the CCPA unconstitutional as applied. We issued a rule to show cause why the Attorney General should not be enjoined from litigating, and the district court should not be prohibited from hearing these claims. We have concluded that the rule should be discharged as to both respondents.

In July, 1976, the Attorney General filed a complaint alleging that Supreme Colorado, Supreme Utah, Micron and Talon had violated the CCPA by engaging in deceptive trade practices including false representations and false and misleading advertising. As stated above, this original complaint did not name Western as a party.

In August, 1976, the Attorney General seized certain assets allegedly belonging to the originally named defendants. A German corporation (Hussel, A.G.), however, previously had foreclosed upon a security interest in those assets and had transferred them to Western. Thereafter, Western, claiming ownership of the confiscated assets, intervened in the Attorney General's lawsuit to protect its asserted interest.

Subsequently, the Attorney General amended his complaint to allege that Hussel was the original defendants' alter ego and that Hussel's security interest, foreclosure and assignment to Western had been invalid. Furthermore, the Attorney General alleged in a counterclaim that Western was a successor corporation to the original defendants and should be required, under the CCPA, to make restitution.

The issues to be decided are: (1) whether the Attorney General should be prohibited or enjoined from seeking restitution under the CCPA; and (2) whether the district court should be prohibited from hearing the Attorney General's restitution claims.

I. *Prohibition or Injunction Against the Attorney General*

■ C.A.R. 21 regulates exercise of our constitutional authority[2] to grant "relief in the nature of prohibition . . . where the *district court* is proceeding without or in excess of its jurisdiction . . . ." (Emphasis added.) Although Rule 21 provides for prohibition against district courts in appropriate circumstances,[3] it expresses no authority for issuing such writs against the Attorney General. The rule's limited scope thus comports with the common law precept that a writ of prohibition lies only "to

---

[1] The term "restitution," for purposes of this case, refers solely to a district court's "orders or judgments . . . which may be necessary to restore to any other person any money. . . ." Section 6-1-110(1), C.R.S. 1973.

[2] *Colo. Const.* Art. VI, Section 3.

[3] A writ in the nature of prohibition may be issued if a district court exceeds its jurisdiction or abuses its discretion. *Colorado Springs v. District Court,* 184 Colo. 177, 180, 519 P.2d 325, 326 (1974).

prevent an inferior tribunal, whether it have judicial or quasi-judicial powers, from usurping a jurisdiction with which it is not legally vested." *Leonhart v. District Court,* 138 Colo. 1, 5, 329 P.2d 781, 783 (1958).[4]

The essence of a proceeding in the nature of prohibition is to test whether a judicial or quasi-judicial tribunal has exceeded its jurisdiction or grossly abused its discretion. The Attorney General is not a judicial officer, but an executive department officer. As such he has neither "jurisdiction" which might be exceeded in the underlying lawsuit giving rise to this proceeding, nor "discretion" which might be abused. The Attorney General is a litigant rather than a judicial officer, and his acts do not amount to judicial or quasi-judicial action. Consequently prohibition is not an appropriate remedy against the Attorney General in this case. *See Commonwealth v. Wise,* 351 S.W.2d 493, 494 (Ky. 1961); *In re Investigation of the January 1974 Philadelphia County Grand Jury,* 458 Pa. 586, 328 A.2d 485, 489 (1974).

Similarly an injunction is generally inappropriate to prevent the Attorney General from performing his statutory duties. An injunction is normally sought in a trial court since it requires the taking of evidence and finding of facts. Only in the most extraordinary circumstances will this court exercise its power to issue an injunction. No such circumstances appear here.

## II. *Prohibition Against the District Court*

Western contends that the district court has exceeded its jurisdiction by indicating it would hear the *restitution* action brought under the CCPA by the Attorney General.

While acknowledging that the CCPA authorizes the Attorney General to seek injunctive relief, Western contends that the Act does not allow him to seek restitution separate from an injunction. Western further maintains that the CCPA does not authorize the district court to order restitution except that which is ancillary to authorized injunctive relief. Both of these arguments apparently derive from language in the CCPA which provides:

"Whenever the attorney general has cause to believe that a person has engaged in or is engaging in any deceptive trade practice listed in section 6-1-105, he may apply for and obtain in an action in any district court of this state, a temporary restraining order, or injunction, or both, pursuant to the Colorado rules of civil procedure, prohibiting such person from continuing such practices, or engaging therein, or doing any act in furtherance thereof. The court may make such orders or judgments as may be

---

[4] The grounds for granting a writ in the nature of prohibition have been extended by case law beyond jurisdictional usurpation, but only to the extent that prohibition may be appropriate when a lower court seriously abuses its discretion. *Phillips v. District Court,* 194 Colo. 455, 573 P.2d 553, 555 (1978); *Tyler v. District Court,* 193 Colo. 31, 561 P.2d 1260, 1261 (1977).

necessary to prevent the use or employment by such person of any such deceptive trade or practice, or which may be necessary to restore to any other person any money, or real or personal property which may have been acquired by means of any such practice." Section 6-1-110(1), C.R.S. 1973 (Emphasis added.)

In our view the quoted language must be read in light of the broad legislative purpose to provide prompt, economical, and readily available remedies against consumer fraud. This obvious legislative purpose would be frustrated if we were to hold that the Attorney General may not seek restitution.

Similar reasoning requires that we reject Western's argument that restitution may be invoked as a remedy only when supplementary to an injunction. In essence, Western asks us in this original proceeding to impose an inordinate restraint upon the Attorney General's power to enforce the CCPA. Such a restrictive approach — which would render restitution a form of relief incidental to, rather than independent from, injunctive relief — was rejected by the Iowa Supreme Court in reviewing consumer protection language virtually identical to that in Colorado's act. *State ex rel. Turner v. Limbrecht,* 246 N.W.2d 330, 334-35 (Iowa 1976). We hold that the narrow construction advanced by Western is inappropriate in interpreting remedial legislation such as the CCPA.

Nor can we accept Western's argument that CCPA section 6-1-110(1) restricts the Attorney General's choice of remedies to an election between injunctive relief and the assurances of discontinuance provided for in section 6-1-110(2), C.R.S. 1973. This contention, too, is inconsistent with the CCPA's remedial purpose. In *People ex rel. Dunbar v. Gym of America,* 177 Colo. 97, 116, 493 P.2d 660, 670 (1972), we upheld, against an equal protection attack, "[t]he giving [under the CCPA] of prosecutorial discretion to the attorney general to determine which of several enforcement devices he should set in motion, after having become convinced that violations of the Act have occurred, . . ." There we declared: "The right of officials to meet statutory evils as they arise and according to the manner in which they arise must always remain within the sound discretion of the statute's enforcement officer. Here the statute's enforcement officer is the state attorney general . . . ." *Id.* at 117, 493 P.2d at 670. As such enforcement officer the Attorney General has not only the right, but the duty, to consider all statutory alternatives, including restitution.

■ Having concluded that the statute authorizes the Attorney General to seek restitution in the circumstances presented to the trial court, it follows that that court has jurisdiction to hear the action.

■ Although a district court may have jurisdiction of a case, prohibition still may lie upon a clear showing that the court has grossly abused its discretion and that an appeal would not provide an adequate

remedy. *Phillips v. District Court,* 194 Colo. 455, 573 P.2d 553, 555 (1978); *Tyler v. District Court,* 193 Colo. 31, 561 P.2d 1260, 1262 (1977); *Curtis, Inc. v. District Court,* 186 Colo. 226, 230, 526 P.2d 1335, 1337 (1977). Essentially, Western contends that the district court's decision to hear the Attorney General's restitution action against it amounted to an abuse of discretion. But given our determination that the Attorney General may assert such a claim, we must conclude that the district court did not abuse its discretion by deciding to hear it.

Western also argues that relief in the form of an injunction or restitution is moot. It follows, contends Western, that the district court's consideration of such relief constitutes an abuse of discretion. Furthermore, Western maintains that restitution would be improper because an adequate remedy exists at law.[5] Those issues present questions of fact and law upon which the trial court has not yet ruled. Our deciding such matters in an original proceeding would be inappropriate.[6]

The petitioner further contends that the Attorney General did not properly invoke the district court's equitable jurisdiction[7] and that the district court should have required the case to proceed as a class action.[8] Such disputes over the district court's rulings, however, can be reviewed adequately upon appeal. Western may not use an original proceeding in lieu of a writ of error to obtain review of the trial court's rulings. *Prinster v. District Court,* 137 Colo. 393, 399, 325 P.2d 938, 941 (1958). Even if the district court has erred in its rulings, a "mistaken exercise of its jurisdiction [as distinguished from proceeding in excess of its jurisdiction]. . . will not justify a resort to . . . prohibition." *Leonhart v. District Court,* 138 Colo. 1, 6, 329 P.2d 781, 783 (1958).

### III. *Conclusion*

In addition to having raised the issues above discussed, Western has challenged the statute's constitutionality on several grounds. Since the trial court has not yet considered those matters, however, we will not by prohibition preempt that court's jurisdiction. In the present posture of the case it would not be appropriate for us to decide these constitutional issues, which are clearly within the trial court's jurisdiction, without first allowing the trial court an opportunity to consider them.

---

[5] The petitioner argues that the consumers, now represented by the Attorney General, may bring their own actions for damages.

[6] Prohibition also is an inappropriate means of heading off the possibility of future error by the trial court. A writ of prohibition may not "be used to restrain a trial court from committing error in deciding a question properly before it." *Prinster v. District Court,* 137 Colo. 393, 399, 325 P.2d 938, 941 (1958).

[7] Western maintains that the Attorney General must plead irreparable harm and an inadequate remedy at law and must show that he, as the pleader, "is entitled to equitable relief."

[8] The petitioner contends that the Attorney General, in effect, is proceeding with a class action without the class action protections normally afforded defendants and class members.

The rule is discharged.

CHIEF JUSTICE HODGES, JUSTICE ERICKSON and JUSTICE DUBOFSKY do not participate.