**Mohsin M. BAMUJALLY, d/b/a Mujally A. Bamujally Est., Plaintiff,**

v.

**George P. MacDONOUGH et al., Defendants,**

and

**Consolidated Foods Corp. et al., Defendants.**

Civ. A. Nos. H–79–1094, H–80–363.

United States District Court,
S. D. Texas,
Houston Division.

Jan. 8, 1981.

James M. Rhodes, Coudert Brothers, New York City, Charles Kipple, Saccomanno, Clegg, Martin & Kipple, Houston, Tex., for plaintiff.

Gay C. Brinson, Jr., Vinson & Elkins, Houston, Tex., for Theonett & Co., Inc. and Universal Flavors of Indiana, Inc.

Travis G. Wilson, Herzog & Wilson, Houston, Tex., for Wharton Beverage Packing Co.

Jack L. Allbritton, Fulbright & Jaworski, Houston, Tex., for Reynolds Metals Co.

Larry F. York, Baker & Botts, Houston, Tex., for American Can Co.

Judson R. Wood, Vinson & Elkins, Houston, Tex., for Royal Crown Companies, Inc. and Royal Crown Bottling Co. of Texas.

Don A. Wetzel, Sullivan, Bailey, King, Randell & Sabom, Houston, Tex., for Mac-Donough, Export Management, Inc., Downwind Corp. and Wickford Trading Co.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This case involves claims of fraud, breach of warranty, and violation of the Texas Deceptive Trade Practices Act. It arises out of the plaintiff's purchase of canned goods for resale from defendant MacDonough and his suppliers. The plaintiff alleges $6,354,304 damages. The case is before the court on defendants American Can Company's and Reynolds Metals Company's Motions for Partial Summary Judgment, and defendants' Consolidated Food Corp. and Shasta Beverages Co.'s Motion to Dismiss.

*PARTIES*

The plaintiff, Mohsin M. Bamujally, d/b/a Mujally A. Bamujally, Est., is a citizen of and resides in the Kingdom of Saudi Arabia. He purchases bulk quantities of canned goods in the United States for resale in Saudi Arabia.

The defendant, American Can Co. (American Can) is a corporation organized and existing under the laws of the State of New Jersey. It is licensed to do business in the State of Texas and does business within this district. Defendant American Can allegedly sold defective cans to Royal Crown Companies, Inc., Royal Crown Bottling Co. of Texas, and Wharton Beverage Packaging Co., manufacturers of canned goods purchased by the plaintiff through defendants MacDonough, Export Management, Inc., Downwind Corporation, and Wickford Trading Co. The cans were defective in that they leaked and rusted. Plaintiff claims that American Can thereby violated the Texas Deceptive Trade Practices Act, breached an implied warranty of merchantability and fitness for use, and acted negligently.

The defendant Reynolds Metals Company (Reynolds) is a corporation organized and existing under the laws of the State of Delaware. It is licensed to do business in the State of Texas and does business in this district. Defendant Reynolds also allegedly sold defective cans to Wharton Beverage Packaging Co. Wharton manufactured and canned products in the Reynolds cans. The plaintiff purchased those products. The cans leaked and rusted. The plaintiff claims Reynolds violated the Texas Deceptive Trade Practices Act, breached an implied warranty of fitness for use, and acted

negligently. Defendant George P. MacDonough is a natural person who is a citizen of Texas and resides in Houston, Texas.

Defendants Export Management, Inc. (Export), Downwind Corporation (Downwind) and Wickford Trading Co. (Wickford) are all corporations, organized and existing under the laws of Texas. They all have a place of business at 2200 North Loop West, in Houston, Texas. All three corporations are in some way connected to MacDonough. Defendant Universal Flavors of Indiana, Inc. (Universal) is a corporation organized and existing under the laws of the State of Indiana. It has done and does business in this district. Universal manufactures flavorings for beverages.

Defendant Theonett and Co., Inc. (Theonett) is a corporation organized and existing under the laws of the State of Illinois. It has done and does business in this district. Theonett manufactures beverages.

Defendant Consolidated Foods Corp. (Consolidated) is a corporation, organized and existing under the laws of the State of Maryland. It is licensed to do business in Texas, and does business in this district. Defendant Shasta Beverages, Inc. (Shasta) is a corporation, organized and existing under the laws of Delaware. It is licensed to do business in Texas, and does business in this district. Shasta is a wholly owned subsidiary of Consolidated, but at times relevant to this action operated a division of Consolidated. Consolidated and/or Shasta manufactured and canned goods for MacDonough for resale to the plaintiff.

*PROCEDURAL POSTURE*

The plaintiff filed suit on May 5, 1979 in this federal district court (H–79–1094). All the defendants filed answers. A jury request was made. The plaintiff amended his complaint with leave of court, February 2, 1980. Four motions which have been filed in the case are outstanding. Plaintiff's Motion to Compel Wharton's Answers to Interrogatories filed July 14, 1980, is moot. Plaintiff's Motion to Compel Consolidated's and Shasta's Answers to Interrogatories filed October 6, 1980 is moot. Defendants American Can and Reynolds filed separate Motions for Partial Summary Judgment which raise the same legal issue. Said Motions for Partial Summary Judgment are disposed of herein.

On February 2, 1980 the plaintiff filed suit against Consolidated and Shasta (H–80–363). The claims in H–80–363 are related to those stated in H–79–1094. On April 10, 1980 the two cases were consolidated. Prior to the consolidation, defendant Consolidated and Shasta filed a joint Motion to Dismiss in H–80–363. It raises the same question that is raised by the Motion for Partial Summary Judgment, along with several others, and is disposed of herein.

*JURISDICTION*

The plaintiff alleges diversity of citizenship between the parties, and the amount in controversy exceeds $10,000. Therefore, the jurisdiction of this court is properly invoked pursuant to 28 U.S.C. § 1332.

*FACTS*

The plaintiff's complaint in Civ. Act. No. 79–1094 arises out of three transactions with the defendants MacDonough, Export, Downwind, Wickford, and indirectly, defendants Royal Crown, Royal Crown Bottling, American Can, Reynolds, Wharton, Theonett, and Universal Flavors.

In May, 1977 MacDonough offered to sell the plaintiff Royal Crown Cola through Export. The plaintiff accepted the offer and purchased 159,800 cartons of Royal Crown Cola. Royal Crown and Royal Crown Bottling manufactured and canned the cola. They sold it to Export for resale to the plaintiff, who would then resell the cola in Saudi Arabia. American Can supplied Royal Crown and Royal Crown Bottling with the cans for the cola. The cans leaked and rusted by the time they arrived in Saudi Arabia. The plaintiff sold only 5,500 cartons. He incurred $1,261,223 damages.

The second transaction occurred in the spring of 1978. MacDonough offered to sell the plaintiff a beverage which tasted like Vimto, a drink under trademark in Britain. The Vimto-like drink would be labelled Vinton, Suntop, or Texas Crown. The plaintiff agreed to purchase 334,500 cartons of the

Vimto-like beverage. He opened two letters of credit, one to Wickford and one to Downwind to cover the price of the drinks. Wharton manufactured and canned the beverages. Wharton sold the canned beverages to MacDonough for resale to Bamujally. Wharton used American Can's or Reynolds' cans.

The goods arrived in Saudi Arabia in a defective condition. The beverage did not look or taste like Vimto. The cans leaked, rusted and were discolored. Not all of the Suntop cartons ordered were shipped. The plaintiff incurred $465,425 damages on the Vinton, $886,848 damages on the Suntop, and $818,000 on the Texas Crown.

The third transaction occurred in June of 1978. MacDonough advised the plaintiff that he could sell the original Vimto with the license to resell in Saudi Arabia. Consequently, the plaintiff opened a letter of credit to Wickford to purchase 254,000 cartons of Vimto.

Wharton manufactured and canned the goods for sale to MacDonough and resale to Bamujally. Wharton used either American Can or Reynolds cans.

The cartons of Vimto arrived in Saudi Arabia and were impounded by the Saudi government. The contents of the cans neither looked nor tasted like Vimto. The cans leaked and rusted. Furthermore, it was discovered that MacDonough had never received the license to sell Vimto. The plaintiff incurred $2,922,808 damages.

The plaintiff's complaint in Civ. Act. No. H–80–363 arises out of a transaction with MacDonough and Export, and indirectly with Consolidated and/or Shasta. The plaintiff alleges the following: In the spring of 1978, MacDonough offered to sell the plaintiff a beverage which tasted like Vimto, which is a soft-drink produced under a trademark in Britain. The drink would be sold under three different labels, Vinton, Suntop, and Texas Crown. The plaintiff agreed to purchase 334,500 cartons of the beverage. He opened letters of credit in favor of Downwind and Wickford. Consolidated and/or Shasta manufactured and canned the beverage for MacDonough for resale to Bamujally.

The goods were shipped to Saudi Arabia, but did not conform to the order. The delivery was short 12,000 cartons of 250 ml. size cans of Suntop. Most of the cans were empty, leaking, rusted, and/or discolored. The soda contained in the cans did not look or taste like Vimto. The goods were unsaleable. The plaintiff incurred $2,170,273 damages.

*LAW*

Only one question is raised by American Can's and Reynolds' Motions for Summary Judgment: whether Bamujally, who purchased the goods for resale, is a consumer under the Texas Deceptive Trade Practices Act (as amended 1977) (hereinafter cited as DTPA)?

The court concludes that Bamujally is a consumer who is protected by the DTPA. In pertinent part, § 17.45(4) of the DTPA defines a consumer as an individual ... who purchases goods or services. In § 17.45(1), the DTPA defines goods as "tangible chattels ... purchased ... for use." In *Otto, Inc. v. Cotton Salvage & Sale, Inc.*, No. 1756 (Tex.Civ.App.—Corpus Christi 1980), the Texas Court of Civil Appeals decided that resale is a use of goods; hence, the purchaser of goods is a consumer, entitled to the protection and remedies of the DTPA. Therefore, Bamujally's purchases of goods from American Can and Reynolds for resale in Saudi Arabia are purchases for use. In relation to American Can and Reynolds, he is a consumer who is protected by the DTPA. American Can's and Reynolds' Motions for Partial Summary Judgment must be denied.

Consolidated and Shasta's Motion to Dismiss raises four defenses to Bamujally's complaint. First, it contends that Bamujally is not a consumer under the DTPA because he purchased for resale. For the reason expressed in the Court's ruling on the Motion for Summary Judgment, the court finds that based on the complaint, Bamujally is a consumer under the DTPA in relation to Consolidated and Shasta. The Motion to Dismiss will not be granted on this basis.

Consolidated and Shasta's second, third, and fourth bases for their motion to dismiss are the failure to state a claim for breach of contract as a third party beneficiary, failure to state a claim for breach of warranty, and failure to state a claim for negligence. After reading the complaint, the court concludes that the complaint states claims which are viable under all three theories. Therefore, the Motion to Dismiss should not be granted on these bases.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the plaintiff's Motion to Compel Wharton's Answers to Interrogatories and to Compel Consolidated's and Shasta's Answer to Interrogatories shall be, and the same is, DENIED.

It is also ORDERED, ADJUDGED, and DECREED that defendant's American Can's and Reynolds' Motion for Summary Judgment shall be, and the same are, DENIED.

It is further ORDERED, ADJUDGED, and DECREED that defendants Consolidated and Shasta's Motion to Dismiss shall be, and the same is, DENIED.