**PEOPLE of the State of Colorado ex rel. J.D. MacFARLANE, Attorney General of the State of Colorado, Plaintiff-Appellant,**

v.

**The ALPERT CORPORATION, a Colorado corporation; Theodore Alpert, Vice-President of the Alpert Corporation; Leland Alpert, Vice-President of the Alpert Corporation, Defendants-Appellees.**

**No. 81CA1309.**

Colorado Court of Appeals,
Div. III.

Oct. 28, 1982.

Rehearing Denied Nov. 12, 1982.

Certiorari Denied March 21, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James T. Reed, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Isaacson, Rosenbaum, Spiegleman & Friedman, P.C., Sheldon E. Friedman,

---

Seymour Joseph, Denver, for defendants-appellees.

KIRSHBAUM, Judge.

The People appeal the trial court's order granting defendants' motion to dismiss. We reverse.

The record reveals the following facts. On August 18, 1980, plaintiff filed a complaint for injunctive and other appropriate relief under the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S.1973. The complaint alleged that from 1977 to 1980 defendants, the Alpert Corporation and Theodore and Leland Alpert, had engaged in numerous deceptive trade practices. Plaintiff specifically alleged that defendants had violated § 6–1–105(1)(e), (g), (i), and (*l*), C.R.S.1973.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court initially denied this motion "subject to the presentation of certain factual evidence."

However, after the submission of additional factual information by the parties, the trial court granted the motion on the ground that the Consumer Protection Act does not apply to real estate transactions. The trial court also concluded that Theodore and Leland Alpert could not be held individually liable for any acts of the corporation.

Plaintiff first contends that the trial court was mistaken in concluding that the Consumer Protection Act is inapplicable to any real estate transaction. We agree.

The Consumer Protection Act is based upon the Uniform Deceptive Trade Practices Act. *See* 7A U.L.A. 45 (1966). Colorado's Act differs, however, in important particulars from the prototype. Unlike the Uniform Act, the Consumer Protection Act contains express definitions of the terms "advertisement," "property," and "sale." Those definitions, contained in § 6–1–102, C.R.S.1973, and which apply to every provision of the Act "unless the context otherwise requires," provide as follows:

"(1) 'Advertisement' includes the attempt by publication, dissemination, solicitation, or circulation, visual, oral, or written, to induce directly or indirectly any person to enter into any obligation *or to acquire any title or interest in any property.*

. . . .

"(8) 'Property' means any real or personal property, or both real and personal property, intangible property, or *services.*

. . . .

"(10) 'Sale' means any sale, offer for sale, or attempt to sell any *property* for any consideration." (emphasis supplied)

Read together, these definitions indicate an intent by the General Assembly to extend the coverage of the Consumer Protection Act to transactions involving the advertisement or sale of real property.

Defendants assert that the trial court's conclusion is required by the appearance of the words "goods or services" throughout that section of the Act articulating those acts which constitute deceptive trade practices. The statutory provisions of § 6–1–105, C.R.S.1973, which were allegedly violated by defendants are as follows:

"(1) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:

. . . .

(e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith;

. . . .

(g) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another;

. . . .

(i) Advertises goods or services with intent not to sell them as advertised;

. . . .

(*l*) Makes false or misleading statements of fact concerning the price of

goods or services, or the reasons for, existence of, or amounts of price reductions...."

It is true that the statutory descriptions of the prohibited acts allegedly committed by defendants do not contain the term "real property." The relevant provisions prohibit false representations, statements, and advertisements respecting "goods or services." Nor can it be maintained, as plaintiff urges, that the word "services" necessarily includes "real estate."

■ However, we must read and consider the Act in its entirety. *Howe v. People*, 178 Colo. 248, 496 P.2d 1040 (1972); *see also* § 2–4–201(1)(b), C.R.S.1973 (1980 Repl Vol. 1B). The meaning of any one section of a statute must be gathered from a consideration of the overall legislative purpose. *State Highway Commission v. Haase*, 189 Colo. 69, 537 P.2d 300 (1975).

■ The Consumer Protection Act was enacted in order to control various deceptive trade practices in dealing with the public. *People ex rel. Dunbar v. Gym of America, Inc.*, 177 Colo. 97, 493 P.2d 660 (1972). Its broad legislative purpose is to provide prompt, economical, and readily available remedies against consumer fraud. *Western Food Plan, Inc. v. District Court*, 198 Colo. 251, 598 P.2d 1038 (1979). Thus, the phrase "goods or services" must be read in light of this legislative purpose and in conjunction with the definitional sections of the Act.

In *People ex rel. Dunbar v. Gym of America, Inc.*, supra, our Supreme Court recognized that in enacting a broad protective statute such as the Consumer Protection Act, the General Assembly need not redefine operative terms adequately indicated by the language utilized. Section 6–1–102(8), C.R.S.1973, defines property to include "services." The General Assembly has not defined the phrase "goods or services" elsewhere in the statute. Nor has it excluded real property or real estate transactions from the operation of the Consumer Protection Act, although it has excluded other types of transactions. *See* § 6–1–106, C.R.S.1973. Also, the General Assembly expressly included real property in its general definition of terms, and has referred expressly to "property" when defining the sales and advertisements to which the Act's provisions extend.

In view of this entire statutory scheme, the several sections involved, and the overall purposes of the Consumer Protection Act, we conclude that the General Assembly has included sales and advertisements respecting real property in its broad but undefined use of the term "services." A contrary ruling would render meaningless the General Assembly's express reference to "property" and its express definition of that term to include "services." We are not at liberty to so disregard the General Assembly's use of terms. *Gearhart-Owen Industries, Inc. v. Panhandle Production Co.*, 624 P.2d 355 (Colo.App.1980). Although less than precise in its articulation, we conclude that the General Assembly has determined that false or misleading statements in the advertisement or sale of real property are subject to the provisions of the Consumer Protection Act.

■ Plaintiff also contends that the trial court erred in concluding that the individual defendants could not be held personally liable for any acts of the corporation. We agree.

Defendants' motion to dismiss was based solely on the legal ground that the Act did not authorize this civil action. Assuming, *arguendo,* that, as defendants contend, the trial court properly viewed the motion as one for summary judgment pursuant to C.R.C.P. 12(b), the record reveals that the complaint contains allegations which, if substantiated, could justify the relief requested against the individual defendants. The record contains no factual matter contradicting these allegations. Thus, disputed fact questions remain for resolution at trial relative to this issue and the trial court erred in dismissing the claims against the individual defendants on this basis. *Jones v. Dressel*, 623 P.2d 370 (Colo.1981).

The judgment is reversed and the cause is remanded with directions to reinstate the claims for relief against defendants and for

further proceedings consistent with this opinion.

PIERCE and KELLY, JJ., concur.