**Timothy DURAN and Minnie Duran, Plaintiffs,**

v.

**CLOVER CLUB FOODS COMPANY and Borden, Inc., Defendants.**

**Civ. A. No. 85–K–727.**

United States District Court, D. Colorado.

Aug. 29, 1985.

John D. Coombe and Hugh Q. Gottschalk, Denver, Colo., for plaintiffs.

Andrea I. Williams and John M. Roche, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs Timothy and Minnie Duran own the La Famosa Restaurant in Greeley, Colorado. They also own a small factory adjacent to the restaurant which manufactures corn tortillas. Since May, 1950, the plaintiffs have been using the mark "La Famosa" to identify their corn tortilla products and restaurant services. The corn tortilla products are distributed throughout Colorado and parts of Wyoming and Nebraska. Plaintiffs registered the mark "La Famosa" as a trademark with the State of Colorado on January 6, 1984.

In 1982, defendant Borden, Inc. acquired the assets of defendant Clover Club Foods Company which is now a wholly-owned subsidiary of Borden. Clover Club's assets include the trademark "La Famous". Recently, defendants have begun to market a tortilla chip product under the name "La Famous" in plaintiffs' market territory. After allegedly demanding that defendants cease all use of the name "La Famous", plaintiffs brought this lawsuit. Plaintiffs allege that defendants' acts constitute the use of a false designation of origin, or a false description of representation, in violation of § 43(a) of the Trademark Act of 1946, commonly known as the Lanham Act,

15 U.S.C. § 1125(a).[1] Plaintiffs also assert various state law claims including: 1) trademark infringement, 2) unfair competition, 3) trademark disparagement, 4) violation of the Colorado Consumer Protection Act, Colo.Rev.Stat. §§ 6–1–101 et seq., 5) unlawful appropriation and exploitation of competitor's effort, and 6) interference with prospective economic advantage and business opportunity.

This case is presently before me on defendants' motions to dismiss three of plaintiffs' state law claims.

### I.

Defendants argue, first, that plaintiffs' claims under the Colorado Consumer Protection Act should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state claims upon which relief can be granted. Alternatively, defendants request dismissal of these claims under Fed.R.Civ.P. 9(b) for failure to allege circumstances constituting fraud with sufficient particularity.

For defendants to prevail on a Rule 12(b)(6) motion, it must appear "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). All facts, as distinguished from conclusory allegations, must be construed in favor of the plaintiff. *See Swanson v. Bixler,* 750 F.2d 810, 812 (10th Cir.1984); *Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967). So long as the plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80.

Plaintiffs allege in their complaint that defendants' conduct constitutes the following deceptive trade practices in violation of the Colorado Consumer Protection Act:

1. Knowingly passing off goods or services as those of another, Colo.Rev.Stat. § 6–1–105(1)(a);

2. Knowingly making a false representation as to the source, sponsorship, approval or certification of goods or services, Colo.Rev.Stat. § 6–1–105(1)(b);

3. Using deceptive representations or designations of geographic origin in connection with goods or services, Colo.Rev.Stat. § 6–1–105(1)(d); and

4. Knowingly making false representations as to the sponsorship, approval, status, affiliation or connection of a person with goods or services, Colo.Rev.Stat. § 6–1–105(1)(e).

Plaintiffs have alleged facts in the complaint which, when construed in their favor, are sufficient to support claims with respect to those deceptive trade practices stated in Colo.Rev.Stat. § 6–1–105(1)(a), (b), and (e). Thus, dismissal of these claims would be improper under Rule 12(b)(6). However, plaintiffs themselves admit in their brief that the allegation of deceptive trade practice under Colo.Rev.Stat. § 6–1–105(1)(d) cannot be supported by the facts. Accordingly, this particular claim is dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Alternatively, defendants move for dismissal of these claims under Rule 9(b). Rule 9(b) requires that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particu-

---

**1.** Section 1125(a) forbids both false designations of origin and false descriptions:

Any person who shall affix, or annex, or use in connection with any goods or services, or any containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation or origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

larity." Defendants assert that the Colorado Consumer Protection Act contains the same elements as fraud and thus, plaintiffs' claims under the Act must be pleaded with particularity. Plaintiffs, on the other hand, contend that their claims under the Act are not for fraud and that the particularity requirement is inapplicable.

■ Neither the Colorado courts nor the federal courts in this circuit have addressed the issue of whether Rule 9(b) should apply to allegations of deceptive trade practices under the Colorado Consumer Protection Act. An examination of the Act reveals that claims under the Act are not precisely actions for fraud although the Act does require proof of many of the same elements as fraud. I am persuaded that allegations of deceptive trade practices under the Act are subject to Rule 9(b)'s requirement of particularity.

First, in the area of securities acts violations, particularly Rule 10b–5 actions, it has been held that allegations of such violations are subject to Rule 9(b) even though such claims are not precisely actions for fraud. *See, e.g., Temple v. Haft,* 73 F.R.D. 49, 52 (D.Del.1976). Second, the Colorado courts have stated that the Colorado Consumer Protection Act was intended to protect against consumer fraud. *See Western Food Plan, Inc. v. District Court,* 198 Colo. 251, 598 P.2d 1038 (1979); *People ex rel. MacFarlane v. Alpert Corp.,* 660 P.2d 1295, 1297 (Colo.App.1982). For these reasons, I find that Rule 9(b)'s requirement of particularity applies to plaintiffs' allegations of deceptive trade practices under the Colorado Consumer Protection Act.

While I agree with defendants' claim that plaintiffs' allegations under the Act are subject to Rule 9(b), I do not agree that plaintiffs have failed to plead these claims with sufficient particularity. Rule 9(b) "only requires identification of the circumstances constituting fraud...." *Noland v. Gurley,* 566 F.Supp. 210, 216 (D.Colo.1983); *Trussell v. United Underwriters, Ltd.,* 228 F.Supp. 757, 774 (D.Colo.1964). Plaintiffs have alleged in their complaint sufficient facts to apprise defendants of the nature of the alleged deceptive trade practices.

Thus, defendants' motion to dismiss these claims under Rule 9(b) is denied.

## II.

■ Second, defendants move, pursuant to Fed.R.Civ.P. 12(f), to strike plaintiffs' claim for unlawful appropriation and exploitation of competitor's effort. Defendants contend that this claim is redundant in that it duplicates plaintiff's claims for trademark infringement and unfair competition. Plaintiffs respond that they may plead alternative remedies under Fed.R.Civ.P. 8(e)(2) and that courts and commentators have distinguished between traditional common law unfair competition and the misappropriation of a competitor's effort.

I need not address these contentions, however, because defendants have failed to make any showing of prejudice if these allegations are not stricken. As I have stated before, "[i]t is fundamental that a motion to strike will be denied if no prejudice can result from the challenged allegations, 'even though the matter literally is within the categories set forth in Rule 12(f).'" *Rawson v. Sears Roebuck & Co.,* 585 F.Supp. 1393, 1397 (D.Colo.1984), *quoting* 5 Wright & Miller, Federal Practice and Procedure § 1382 at 810–12 (1969). Accordingly, defendants' motion to strike plaintiffs' claim for unlawful appropriation and exploitation of competitor's effort is denied.

## III.

■ Finally, defendants request dismissal of plaintiffs' claim for tortious interference with prospective economic advantage and business opportunity pursuant to Fed.R.Civ.P. 12(b)(6). Defendants maintain that plaintiffs' complaint fails to satisfy the specific allegations required of a tortious interference claim.

In *Dolton v. Capitol Federal Sav. & Loan Ass'n,* 642 P.2d 21, 23 (Colo.App. 1981), the Colorado Court of Appeals adopted Restatement (Second) of Torts § 766B in holding that the tort of interference with a prospective business advantage or contractual relation exists in Colorado. Section 766B provides that:

One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of

(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or

(b) preventing the other from acquiring or continuing the prospective relation.

Comment b to § 766B clearly acknowledges that, historically, liability for intentional interference with prospective contractual relations has been imposed in situations such as in the instant case: "In another line of cases liability was imposed upon one who diverted another's business by fraudulently palming off his own goods as those of another, or by infringing another's trade mark or trade name." Comment c further provides that:

The relations protected against intentional interference by the rule stated in this Section include any prospective contractual relations ... if the potential contract would be of pecuniary value to the plaintiff. Included are interferences with the prospect of ... selling ... chattels ..., and any other relations leading to potentially profitable contracts.

Defendants erroneously contend in their brief that plaintiffs' complaint fails to state this claim because plaintiffs have not alleged "some ongoing, specific relationship, verging on contract formation, which was prevented." Such an allegation is not required by § 766B. Plaintiffs do allege in their complaint that defendants acted intentionally and unlawfully in marketing their tortilla products under a confusingly similar name. Plaintiffs further allege that this "confusion has caused and is presently causing loss of sales, damage and injury to plaintiffs." These allegations, if supported by evidence at trial, would support plaintiffs' legally recognized claim for intentional interference with prospective contractual relations. Under these circumstances, defendants' motion to dismiss this claim must be denied. *See Conley*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80.

IT IS THEREFORE ORDERED THAT;

1. Defendants' motion to dismiss plaintiffs' claims under the Colorado Consumer act is GRANTED *only* as to plaintiffs' allegation of deceptive trade practice under Colo.Rev.Stat. § 6–1–105(1)(d). Defendants' motion to dismiss plaintiffs' claims under Colo.Rev.Stat. § 6–1–105(1)(a), (b), and (e) is DENIED;

2. Defendants' motion to strike plaintiffs' claim for unlawful appropriation and exploitation of competitor's effort is DENIED;

3. Defendants' motion to dismiss plaintiffs' claim for intentional interference with prospective contractual relations is DENIED; and

4. Defendants shall answer plaintiffs' complaint with respect to those claims not dismissed within ten days of the date of this order.