**UNITED STATES WELDING, INC., Plaintiff,**

v.

**BURROUGHS CORP., Defendant.**

**Civ. A. No. 81–K–745.**

United States District Court, D. Colorado.

Aug. 30, 1985.

Leigh M. Lutz, Denver, Colo., for plaintiff.

Bruce A. Featherstone, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This lawsuit arises out of plaintiff U.S. Welding's dissatisfaction with its lease of a computer system and operating software from defendant Burroughs. Originally, U.S. Welding asserted claims against Burroughs for: 1) violation of the Colorado Consumer Protection Act, Colo.Rev.Stat. § 6–1–101 et seq., 2) fraud, 3) negligent misrepresentation, and 4) breach of implied warranties. I have since dismissed the latter two claims.[1]

Burroughs now moves, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss U.S. Welding's claim for relief under the Colorado Consumer Protection Act. Burroughs contends that U.S. Welding fails to state a claim upon which relief can be granted because the Act "does not apply in cases, such as here, where the underlying trans-

---

**1.** I dismissed U.S. Welding's claim for breach of implied warranties because they were effectively disclaimed in the parties' lease agreement. *United States Welding, Inc. v. Burroughs Corp.,* No. 81–K–745, (D.Colo. Sept. 12, 1984). U.S.

Welding's claim for negligent misrepresentation was also dismissed because of an effective disclaimer clause in the contract. *United States Welding, Inc. v. Burroughs Corp.,* No. 81–K–745, (D.Colo. Aug. 22, 1985).

action is commercial in nature, between two businesses on equal footing, and where there is no public injury."

## I.

The issue of whether U.S. Welding can invoke the Colorado Consumer Protection Act is one of first impression in Colorado.

Technically, U.S. Welding's claim is authorized under the express language of the Act. The Act provides for a private cause of action for the commission of a deceptive trade practice: "The provisions of this article shall be available to any person in a civil action for any claim against any person who has acquired any money or real or personal property by means of any deceptive trade practice...." Colo.Rev.Stat. § 6–1–113. The express language contains no restrictions regarding the circumstances surrounding an alleged deceptive trade practice.

The Colorado courts, however, have implied that it is consumers, rather than private businesses, who are the intended beneficiaries of the Act:

The Consumer Protection Act was enacted in order to control various deceptive trade practices in dealing with the *public. People ex rel. Dunbar v. Gym of America, Inc.*, 177 Colo. 97, 493 P.2d 660 (1972). Its broad legislative purpose is to provide prompt, economical, and readily available remedies against *consumer* fraud. *Western Food Plan, Inc. v. District Court*, 198 Colo. 251, 598 P.2d 1038 (1979).

*People ex rel. MacFarlane v. Alpert Corp.*, 660 P.2d 1295, 1297 (Colo.App.1982) (emphasis added).

While the Colorado courts have not addressed the issue raised here, courts in other jurisdictions with similar consumer protection acts[2] have decided that such acts protect against practices which affect the public and not those which are merely private in nature. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 590 F.Supp. 1083 (N.D.Ill.1984); *McDonald's Corp. v. Gunvill*, 441 F.Supp. 71 (N.D.Ill.1977) (permitted corporate plaintiff to invoke Illinois Act when defendant's alleged palming off of restaurant services as those of McDonald's confused and misled the consumer public); *Investigators, Inc. v. Harvey*, 53 Or.App. 586, 633 P.2d 6 (1981) (Oregon Act applies only to consumer transactions; it does not regulate commercial transactions); *Graham v. Kold Kist Beverage Ice, Inc.*, 43 Or.App. 1037, 607 P.2d 759 (1979) (Unlawful Trade Practices Act inapplicable to commercial transactions; the Act's primary purpose is to protect consumers); *cf. In re CLDC Management Corp.*, 18 B.R. 797 (Bkrtcy.Ill.1982); *Bamujally v. MacDonough*, 508 F.Supp. 574 (S.D.Texas 1981); *Guerra v. Brumlow*, 630 S.W.2d 425 (Tex. App. 4th Dist.1982); *Temple News Agency v. Want Ads of Waco*, 573 S.W.2d 269 (Tex.Civ.App.1978).

In *Newman-Green*, for example, the federal district court in Illinois stated that:

[W]e do not interpret the liberal construction requirements to mean that liability under the Act is completely openended. Rather, we believe that the Act is intended to reach practices of the type which affect consumers generally and is not available as an additional remedy to redress a purely private wrong.

590 F.Supp. 1083, 1086, *quoting Frahm v. Urkovich*, 113 Ill.App.3d 580, 585–86, 447 N.E.2d 1007, 1011 (1983). The court went on to find that "an effect on consumers generally is required" before one can institute an action under the Act. 590 F.Supp. 1083, 1087.

In the instant case, there is no indication in the complaint or otherwise that U.S. Welding's lease of a Burroughs' computer system was anything other than a commer-

**2.** In 1969, the Colorado State Legislature adopted a modified version of the Uniform Deceptive Trade Practices Act. *See* 7A Uniform Laws Annotated 35–68 (1978). This enactment was entitled the Colorado Consumer Protection Act. *See* Colo.Rev.Stat. § 6–1–101. Several other states adopted this uniform law including Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Maine, Minnesota, Nebraska, New Mexico, Ohio, Oklahoma, Oregon, Rhode Island, and Texas.

cial transaction or that Burroughs' alleged fraudulent misrepresentations regarding the system had any affect on consumers generally. Rather, U.S. Welding invokes the Colorado Consumer Protection Act as "an additional remedy to redress a purely private wrong." Under these circumstances it is "beyond doubt that [U.S. Welding] can prove no set of facts in support of [its] claim [under the Act] which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). Accordingly, Burroughs' motion to dismiss this claim is granted.