Argued April 6, reversed May 31, 1977

SEARLE, *Respondent,*
*v.*
EXLEY EXPRESS, INC., *Appellant.*
(TC 413-011, SC 24571)
564 P2d 1054

Milton R. Smith, Portland, argued the cause for appellant. With him on the briefs were Acker, Underwood, Beers & Smith, Portland.

William F. Thomas, Portland, argued the cause for respondent. With him on the brief was Kenneth W. Saxon, Portland.

Before Denecke, Chief Justice, and Tongue, Linde and O'Connell, Justices.

O'CONNELL, J., Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is an action brought by the purchaser of a White Freightliner truck-tractor to recover damages for the alleged misrepresentation of the condition of the truck. The action was brought under the Unlawful Trade Practices Act, ORS 646.605, et seq. Defendant appeals from a judgment on a verdict of $2,950 in favor of plaintiff.

Defendant, which is engaged in the business of interstate trucking, advertised for sale some of its used trucks on a lease-back arrangement. Under this arrangement defendant was obliged to supply the lessor with a refrigeration trailer unit and also to provide hauling jobs from which the purchaser-operator would receive a portion of the operating revenue from the use of the truck.

Plaintiff's son, Wayne Searle, saw the advertisement in the newspaper and called it to plaintiff's attention. At that time plaintiff and his wife were looking for something in which to invest, and since plaintiff's son, who was a truck driver, was out of work, plaintiff decided to purchase the truck and operate it under the lease-back arrangement. Plaintiff alleges that defendant's agent misrepresented the condition of the truck.

Defendant contends on appeal that there was no evidence to establish a false or misleading representation of the condition of the truck, but that in any event the Unlawful Trade Practices Act has no application to the facts of this case.

It is not necessary for us to discuss defendant's first contention because we hold that the sale in this case is not within the Unlawful Trade Practices Act. The pertinent sections of the Act are as follows:

"(1) A person engages in a practice hereby declared to be unlawful when in the course of his business, vocation or occupation he:
"* * * * *

[ 537 ]

"(g) Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another;

"* * * * *." ORS 646.608(1).

ORS 646.605(7) provides:

" 'Real estate, goods or services' means those which are or may be used or bought primarily for personal, family or household purposes, and includes franchises, distributorships and other similar business opportunities, but does not include insurance."[1]

■ The construction of ORS 646.605(7) as it relates to the transaction in the case at bar presents some difficulties. It is clear enough that if the subject matter of the sale is "real estate, goods or services," the Act purports to cover only those transactions in which the real estate, goods or services "are or may be used or bought primarily for personal, family or household purposes."[2]

The constructional problem is to determine what meaning is to be given to the latter phrase. Certainly it was not intended that the statute was to be applied solely on a subjective basis by inquiring in each case as to whether the purchaser was motivated in making the purchase by a desire to satisfy some personal, family or household objective. Rather, the statute purports to describe transactions involving the purchase of goods and services which customarily are entered into with the objective of satisfying some personal, family or

---

[1] ORS 646.638(1):

"Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."

[2] Plaintiff does not assert that defendant made any misrepresentations with respect to any matter other than the condition of the truck. Therefore, we are not called upon to interpret that part of ORS 646.605(7) which reads "and includes franchises, distributorships and other similar business opportunities."

household purpose. Obviously included would be the purchase of a sack of potatoes, furniture for a home, a wedding gown, an engagement ring or a set of golf clubs. In all of these the purpose of the purchase is to serve some personal, family or household need. Obviously excluded would be the purchase of a carload of potatoes, a Xerox machine, or a gross of women's stockings.

But as is always true when it is important to make a differentiation between two categories, there will be factual situations which will be difficult, and sometimes impossible, to classify on a definitional basis. Because this is so, we can expect to encounter difficult constructional problems in applying the statute with which we are now concerned. The difficulty will arise because some human activities are ambivalent, having some characteristics which would prompt us to describe them as personal and other characteristics prompting us to describe them as commercial or business in nature. For instance, the purchase of an automobile by an architect for use in carrying on his profession could be viewed as also serving a personal purpose in the sense that the pursuit of a person's profession is usually regarded as something more than the carrying on of a business. Neither the language of the statute nor its legislative history gives us any clue as to how we should approach these problems of construction.

It would not be irrational to treat the statute as having been designed to cover the situation posed above and any other cases where we are able to discern that the activity is commonly understood to have in it a personal ingredient.

But even if we were to give the statute this broad treatment, the transaction in the present case does not fall within the statute.

■ We will assume, as plaintiff asserts, that the truck was purchased as a family investment and to provide employment for plaintiff's son. In this sense the

purchase could be deemed to have been made for "personal, family or household purposes." But this looks solely at the subjective motivation of the purchaser, and as we have already stated, we do not regard the statute as having this broad sweep. If goods are customarily bought by a substantial number of purchasers for personal, family or household uses and were, in fact, bought by the plaintiff for his or someone else's use and not for resale, the statute applies. Certainly a truck designed for the business of hauling freight does not fall within that classification. The purchase of a truck to carry on a freight business may fulfill personal and family needs in a particular case but generally it would be purchased to carry on a business, and it is this customary or predominant purpose which is to be used in characterizing the transaction. Therefore, we hold that the purchase in the present case did not come within the statute.

Judgment reversed.