Argued and submitted November 16,
reversed and remanded December 31, 1979

# GRAHAM, et al,
*Appellants,*

*v.*

# KOLD KIST BEVERAGE ICE, INC., et al,
*Respondents.*

## (No. A7810-16674, CA 14497)

607 P2d 759

Thane W. Tienson, Portland, argued the cause for appellants. On the briefs were Gary V. Abbott and Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

David W. Dardano, Portland, argued the cause for respondent. With him on the brief was Dardano & Mowry, Portland.

Before Buttler, Presiding Judge, Gillette and Roberts, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., Pro Tempore.

**TONGUE, J.,** Pro Tempore.

This is an action for damages under both the Unlawful Trade Practices Act, ORS 646.605 *et seq*, and the Public Accommodations Act, ORS 30.670 *et seq*. Plaintiffs appeal from an order allowing defendants' motion for summary judgment.

Plaintiffs contend that the trial court erred: (1) In holding that the Unlawful Trade Practices Act does not cover the sale of an ice machine to a partnership engaged in the operation of a grocery store; (2) In holding that the corporate defendant, as the seller of such an ice machine, was not a "place of public accommodation" within the meaning of ORS 30.675, and (3) In refusing to permit plaintiffs to file an amended complaint alleging a common law action for breach of contract.

1. *The transaction as alleged was not covered by the Unlawful Trade Practices Act.*

The first cause of action of plaintiffs' complaint alleged that they were partners engaged in the operation of a grocery store; that they entered into an agreement with defendant under which it agreed to provide them with an ice machine to be used in the retail sale of ice at plaintiffs' grocery store and that in that transaction defendants made false or misleading representations in violation of the Unlawful Trade Practices Act. In allowing defendants' motion for summary judgment the trial court held that the Unlawful Trade Practices Act does not apply to such commercial transactions. We agree.

In *Searle v. Exley Express, Inc.*, 278 Or 535, 564 P2d 1054 (1977), the Oregon Supreme Court held that this Act did not apply to the sale of a truck/tractor to haul commercial freight and noted (at 538) that "real estate, goods or services" had been defined by ORS 646.605(7) to mean those which "* * * are or may be

used or bought primarily for personal, family or household purposes," as distinct from goods to be used commercially. *See also Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or 85, 90 n. 4, 566 P2d 1177 (1977).

Plaintiff points out that the transaction involved in *Searle* occurred prior to the amendment of ORS 646.605(7) in 1973 to include "franchises, distributorships and other similar business opportunities * * *," and contends that this transaction involved a "business opportunity." That statutory provision, however, extends only to "business opportunities" and only to those which are "similar" to "franchises" or "distributorships." In our opinion, the sale of an ice machine for use in a grocery store does not involve a "business opportunity" within the meaning of ORS 646.605(7).

Plaintiffs also contend that they have alleged a violation of ORS 646.608(1)(k) which does not require that the "transaction or obligation" in question involve only items "obtained primarily for personal, family or household purposes" (as defined by ORS 646.605(7)), but applies to any transaction, including those of a commercial nature. We do not believe, however, that this Act was intended to apply to commercial transactions of the nature alleged in this complaint and find nothing in its legislative history to support such a contention. On the contrary, the primary purpose of the Act was to protect *consumers*, rather than businesses. *Denson v. Ron Tonkin Gran Turismo, Inc., supra,* at 90 n. 4.

2. *Defendant was not a "place of public accommodation."*

The second cause of action of plaintiffs' complaint alleged that defendant was a "place or service offering to the public accommodations, advantages, facilities or privileges" within the meaning of ORS 30.675; that after defendants agreed to sell the ice machine to plaintiffs for use in their grocery store, defendants discovered that plaintiff Odell Graham was a black

man and then refused to make the ice machine available to plaintiffs on the terms previously agreed upon and thereby discriminated against plaintiff in violation of that statute.

Defendants' motion for summary judgment, although not supported by affidavits, alleged that:

"Plaintiff's complaint clearly establishes that the Plaintiff contemplated obtaining the ice machine in question in connection with its retail business, and that Defendants are engaged in providing at wholesale ice machines and ice to retail businesses."

Plaintiffs did not controvert that statement by the filing of an affidavit opposing defendants' motion for summary judgment and in the trial court apparently acquiesced in that statement as a fair interpretation of the allegations of their complaint. In allowing defendants' motion for summary judgment, the trial court apparently held that a defendant engaged in selling ice machines at wholesale to a retail business is not a "place of public accommodation" within the meaning of ORS 30.675. Again, we agree.

ORS 30.675 defines "place of public accommodation" as follows:

"* * * any place or service offering to the public accommodations, advantages, facilities or privileges whether in the nature of goods, services, lodgings, amusements or otherwise."

Plaintiffs contend that:

"The plain language of ORS 30.675, the legislative history, and applicable case law all support the conclusion that defendant Kold Kist Beverage Ice, Inc. is a 'place of public accommodation' because it offers goods and services to the public. The legislative history emphasizes that the definition of 'place of public accommodation' is intended to be an extremely broad one, and is to apply to all types of businesses which offer goods or services to the public."

Plaintiffs also point out that in *Schwenk v. Boy Scouts of America*, 275 Or 327, 551 P2d 465 (1976), the

[1041]

Oregon Supreme Court, at 335, quoted with approval the following statement:

> " ' * * The legislative history is clear that this definition is intended to be a broad one and to apply to all types of business which offer goods and/or services to the public.' "

We do not agree, however, with plaintiffs' contention, which is to the effect that a corporation engaged in the wholesale business of selling commercial equipment at wholesale for use in retail stores is engaged in the sale of goods "to the public" within the intended meaning of the Public Accommodations Act.

The Oregon Supreme Court, in *Schwenk v. Boy Scouts of America, supra,* although involving different facts, immediately after making the statement relied upon by plaintiffs, as set forth above, said that:

> "This includes the services of credit, financing mortgages, loans and insurance as well as hotels, motels, *retail sales,* etc." (Emphasis added)

We have also examined the legislative history of the statute in an effort to determine the intent of the legislature in the term "offering to the public" as used in ORS 30.675. We find nothing to support the contention that the legislature intended to include anything other than "retail sales" or services to members of the public as consumers. The primary subjects of discussion in hearings before legislative committees were restaurants, hotels, motels, barber shops, retail stores and other businesses which provide goods or services to members of the general public as consumers. [1]

---

[1] *See, e.g.,* Hearings before the Senate State and Federal Affairs Committee on Senate Bill 75, February 9, 1961; the House State and Federal Affairs Committee on House Bills 2116 and 2117, March 2, 1973, and April 6, 1973; the Senate Consumer and Business Affairs Committee on House Bills 2116 and 2117, June 14, 1973.

*See also* Annot. 87 ALR 2d 120 for a discussion of what businesses or establishments fall within the scope of similar statutes in other jurisdictions.

3. *Plaintiffs' motion for leave to file an amended complaint.*

For the reasons previously stated, the trial court did not err in holding that plaintiffs were not entitled to actual damages, punitive damages and attorneys fees under either the Unlawful Trade Practices Act or the Public Accommodations Act. It does not follow, however, that the trial court did not err in entering a summary judgment and in refusing to permit plaintiffs to file an amended complaint for damages suffered by them as a result of a breach of contract by the defendants in refusing to deliver the ice machine to plaintiffs in accordance with the alleged agreement between the parties. Indeed, the facts alleged in plaintiffs' complaint would appear to have been sufficient to allege a cause of action for damages for breach of contract. The fact that a purchaser is black does not provide the seller with an excuse for the repudiation or breach of a contract of sale.

The trial court held, however, that upon the granting of a motion for summary judgment it had no authority to permit plaintiffs to file an amended complaint upon finding that plaintiffs were not entitled to recover under either the Unlawful Trade Practices Act or the Public Accommodations Act. Defendants say that this result was compelled because a motion for summary judgment is similar to a motion for a directed verdict (*citing Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978)), and, as such, is

In *State v. Brooks, et al*, 275 Or 171, 550 P2d 440 (1976), the Oregon Supreme Court determined that an "adult theater" where viewing was limited to patrons 18 years or older who had been forewarned that they should not enter if offended by nudity was not a *public place* per ORS 161.015(9) which states:

> "'Public place' means a place to which the general public has access and includes, but is not limited to hallways, lobbies and other parts of apartment houses and hotels not constituting rooms or apartments designed for actual residence, and highways, streets, schools, places of amusement, parks, playgrounds and premises used in connection with public passenger transportation."

the result of a trial on the merits of a case (*citing Cooley v. Roman*, 286 Or 807, 596 P2d 565 (1979)), and that a motion to set aside a summary judgment has been held to be the equivalent of a motion for a new trial (also *citing Cooley v. Roman, supra*), from which it follows that after granting a motion by a defendant for a summary judgment a trial court has no power to allow plaintiff to file an amended complaint.

This contention may well be correct when, as in the usual case, a motion by a defendant for a summary judgment has been supported by affidavits stating facts which are not put in issue by the plaintiff by the filing of contrary affidavits, and particularly after a case is at issue on its pleadings.

In our opinion, however, such a result is not compelled under the facts of this case for two reasons: (1) When, as in this case, defendants filed a motion for summary judgment unsupported by any affidavits and before filing an answer, such a motion raised only the question of law whether the facts alleged in the complaint were sufficient to state a cause of action. In our view, and despite its "label" as a motion for summary judgment, a trial court may properly treat such a motion as a demurrer and, in the exercise of its discretion, permit the plaintiff leave to file an amended complaint despite the granting of such a motion.[2] (2) Even though the facts alleged in plaintiffs' complaint did not permit recovery under the Unfair Trade Practices Act or the Public Accommodations Act, those alleged facts would appear to have been sufficient to state a cause of action at common law for damages for breach of contract.

Under these facts and circumstances, we hold that the trial court was mistaken in its apparent belief that

---

[2] *Cf. Schultz v. First Nat. Bk. of Portland, et al*, 220 Or 350, 355, 348 P2d 22 (1960); *Bliss v. Southern Pacific Co., et al*, 212 Or 634, 637, 321 P2d 324 (1958).

*See also* ORS 16.380.

it had no power to permit the filing of an amended complaint which would have deleted the allegations pertinent only to an action for damages under the Unlawful Trade Practices Act or the Public Accommodations Act, leaving the allegations of an agreement to sell the ice machine, the breach of that agreement, and the damages resulting from that breach.

For these reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings.