Argued and submitted June 10, reversed and remanded August 27, 1981

INVESTIGATORS, INC.,
*Respondent,*
*v.*
HARVEY et al,
*Defendants,*

*and*
HARVEY,
*Appellant,*
*v.*
LEWIS,
*Respondent.*

(No. 182-127, CA 19856)

633 P2d 6

Chris Blattner, Certified Law Student, Portland, argued the cause for appellant. On the brief was Craig K. Edwards, Portland.

Jack E. Collier, Portland, argued the cause and filed the brief for respondent Booker T. Lewis.

No appearance for respondent Investigators, Inc.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant and third-party plaintiff Parthena Harvey appeals from an order dismissing her third party complaint against third-party defendant (hereafter defendant) Lewis.[1] We conclude that her complaint was improperly dismissed and therefore reverse and remand for trial.

Third-party plaintiff contracted with defendant, a dentist, to have a dental bridge constructed and attached to her natural teeth. The total cost of inserting the bridge was $946. According to Harvey, defendant told her that, once the bridge was attached to her teeth, it would be permanent. A short time after the bridge was inserted, Harvey experienced problems with it falling out. Defendant replaced the bridge on two occasions. The third time the bridge fell out Harvey was getting off a bus and the bridge was stepped on by another passenger. Following this incident she did not return to defendant and refused to make any further payments to him. At the time she still owed defendant $427.74 for the work he had done.

Defendant assigned Harvey's account to Investigators, Inc., a collection agency. Thereafter, Investigators filed this action against Harvey. In her answer to Investigators' complaint, Harvey alleged lack of consideration and counterclaimed for breach of warranty and violation of the Oregon Unlawful Trade Practices Act (Act) on the part of defendant Lewis, Investigators' assignor. Harvey also brought a third-party complaint against defendant Lewis re-asserting the substance of her counterclaims against Investigators. During the course of the trial the trial court dismissed, upon motion by Investigators and defendant Lewis, defendant and third-party plaintiff's counterclaims against Investigators and her claims against defendant Lewis. In the trial court's view, an action for breach of warranty and for violation of the Act could not be maintained against the defendant because, as a dentist, he is a professional and not a merchant nor involved in a business. The case was submitted to the jury on the issue of lack of

---

[1] The appeal against respondent Investigators, Inc., was dismissed on the ground that it was not filed within 30 days after the entry of the judgment affecting Investigators. ORS 19.026.

consideration alone. The jury returned a verdict for Harvey as defendant in the action brought by Investigators.

On appeal, the only issue we are asked to decide is whether or not the Unlawful Trade Practices Act applies to dentists.[2] We conclude that it does.

Third-party plaintiff's complaint states, in pertinent part, that:

"Third-party plaintiff's indebtedness is based on a contract between the third-party plaintiff and third-party defendant whereby the third-party plaintiff agreed to purchase from the third-party defendant a six-unit fixed bridge intended for personal use.

"* * * * *

"During the course of negotiations for said contract and in the course of the business, vocation or occupation of the third-party defendant, the third-party defendant represented to the third-party plaintiff that the bridge supplied to the third-party plaintiff would have the characteristics, uses, benefits or qualities of a six-unit fixed bridge of high quality.

"* * * * *

"Said bridge was not as represented in that the bridge was not of high quality. Within twelve months after purchase the bridge had broken on two occasions and fallen from the third-party plaintiff's mouth on five occasions.

"As a result of the third-party plaintiff's reliance on the representations of the third-party defendant, third-party plaintiff suffered an ascertainable loss when she discovered the bridge did not have the characteristics, uses, benefits, or qualities of a six-unit fixed bridge of high quality."

■ Under the Act an individual may bring an action against a person who, in the course of his or her business, vocation or occupation, commits one of the enumerated unlawful trade practices set forth in ORS 646.608(1). The particular provision relied upon in this case reads as follows:

---

[2] Plaintiff does not challenge the dismissal of her breach of warranty claim on appeal.

This court, on its own motion, raised a question prior to oral argument concerning the appealability of the order dismissing the third-party plaintiff's complaint against defendant Lewis. After further examination, we conclude that the order is appealable.

"A person engages in an unlawful practice where in the course of the person's business, vocation or occupation the person:

"* * * * *

"Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that he does not have;

"* * * * *." ORS 646.608(1)(e).

A person is defined by the Act as

"* * * natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity except bodies or officers acting under statutory authority of this state or the United States." ORS 646.605(4).

The Act applies only to consumer transactions; it does not regulate commercial transactions. *Denson v. Ron Tonkin Gran Turismo, Inc.,* 279 Or 85, 90, n 4, 566 P2d 1177 (1977); *Graham v. Kold Kist Beverage Ice, Inc.,* 43 Or App 1037, 1040, 607 P2d 759 (1979). Trade and commerce is defined as

"* * * advertising, offering or distributing, whether by sale, rental or otherwise, any real estate, goods or services, and includes any trade or commerce directly or indirectly affecting the people of this state. ORS 646.605(1).

"Real estate, goods or services" means

"* * * those which are or may be obtained primarily for personal, family or household purposes, and includes franchises, distributorships and other similar business opportunities, but does not include insurance. * * *." ORS 646.605(7).

It is clear that defendant Lewis, as a dentist, is a person offering goods or services for personal and family use to the people of this state. He is therefore engaged in the course of trade or commerce as defined by the Unlawful Trade Practices Act. The real dispute between the parties is whether or not Lewis is, as a professional, engaged in a "business, vocation, or occupation" and whether, because the profession of dentistry is a regulated profession, it is excluded from the Act's coverage.

We turn first to the words "business, vocation or occupation." Webster's New International Dictionary (3d ed 1976) defines "business" as

> "A commercial or mercantile activity customarily engaged in as a means of livelihood * * * occupation, position, trade, * * * a particular field of endeavor, * * *."

"Vocation" is defined as

> "The work in which a person is regularly employed, line of work; * * * the membership of a particular occupational group. The persons engaged in a field of business, profession or trade; * * *."

"Occupation" means

> "The principal business of one's life, a craft, trade, profession or other means of earning a living. Employment, vocation."

■ It is a well settled rule of statutory construction that the words used in a statute are to be given their plain or ordinary meaning. *Davis v. Wasco IED,* 286 Or 261, 266, 593 P2d 1152 (1979). On that basis, we conclude that a dentist who regularly offers his services to the public is engaged in a "business, vocation or occupation" as those terms are commonly understood.[3] Therefore, dentists are persons within the scope of the prohibitions of the Act.

It is true, as defendant points out, that the practice of dentistry is a closely regulated profession. *See, generally,* ORS ch 679. A state board, the Board of Dental Examiners, is responsible for regulating the profession. Only those persons who meet certain specified qualifications are licensed as dentists. ORS 679.060. After an individual is licensed, the individual is subject to discipline by the Board for misbehavior, including unprofessional conduct or gross ignorance, incompetence or inefficiency in the profession. ORS 679.140(1)(e). Among the disciplinary alternatives

---

[3] Because we find the terms business, occupation and vocation to be unambiguous, we have no occasion to resort to legislative history. *See Davis v. Wasco IED, supra,* 286 Or at 267. The intent of the statute is, in this case, ascertained from the words used therein. The result obtained from applying the words literally is not absurd or futile and is not contrary to the policy of the legislation as a whole nor, as discussed, *infra,* is it contrary to other legislation. *State ex rel Cox v. Wilson,* 277 Or 747, 750, 562 P2d 172 (1977). In any event, the legislative history of the Unlawful Trade Practices Act "supports the view that it is to be interpreted liberally as a protection to consumers." *Denson v. Ron Tonkin Gran Turismo, Inc., supra,* 279 Or at 90, n 4.

available to the Board are suspension or revocation of an individual's license to practice. ORS 679.140(5). The purpose of this regulatory legislation is to insure that only qualified persons are licensed and practicing as dentists. This serves to protect the integrity of the profession as well as the public.

The purpose of the Act is to protect the consumer from certain acts by persons engaged in the practice of offering or providing services or goods to the public. While it prohibits certain behavior, it does not attempt to supervise, regulate or limit those persons who may engage in a particular business, vocation or occupation. Its main focus is to provide redress for consumers who have suffered "an ascertainable loss of money or property" because of the action of a person in providing services or goods for that consumer's use. *See* ORS 646.638.

Given the different focus of these two pieces of legislation, we do not agree that, because dentistry is a regulated profession, no activities of dentists can ever fall within the scope of the Act. The mere fact that the state Board closely supervises the profession does not lead to the conclusion that consumers who are measurably damaged by a dentist's actions are prohibited from suing under the Act. To allow such actions will in no way conflict with the Board's power or interfere with the regulation of dentistry; to prohibit them would be ignoring the plain language and purpose of the Act. Therefore, third-party plaintiff's complaint against defendant Lewis was improperly dismissed.

Reversed and remanded.