Argued and submitted March 11, reversed and remanded May 1, reconsideration denied June 26, petition for review denied July 23, 1991 (311 Or 643)

## Burline B. HINDS,
*Appellant,*

*v.*

## PAUL'S AUTO WERKSTATT, INC.,
dba Paul's Auto Imports,
*Respondent.*

(CV88-0733; CA A64489)

810 P2d 874

Jerry K. Brown, McMinnville, argued the cause for appellant. On the briefs were Elliott C. Cummins, Gary G. Norris and Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Lloyd W. Helikson, Eugene, argued the cause for respondent. With him on the briefs were William G. Wheatley and Jaqua & Wheatley, P.C., Eugene.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals a summary judgment in favor of defendant on her claim for violation of Oregon's Unlawful Trade Practices Act (UTPA). ORS 646.605 to ORS 646.652. We reverse.

In 1987, plaintiff purchased a used 1986 Mazda from defendant. Defendant knew, but did not tell plaintiff, that the car had been in an accident and had been repaired. It did, however, comply with the Federal Trade Commission's Used Motor Vehicle Trade Regulation Rule by using a Buyer's Guide form.[1] 16 CFR § 455. When plaintiff learned about the accident, she brought this action, alleging that defendant had failed to disclose a known material defect, in violation of ORS 646.608(1)(t).[1] In granting summary judgment for defendant, the trial court held that defendant's compliance with the FTC rule meant that it was exempt from the requirements of UTPA under ORS 646.612(1), which provides:[3]

"ORS 646.607 and ORS 646.608 do not apply to:

"(1)   Conduct in compliance with the orders or rules of, or a statute administered by a federal, state or local governmental agency."

Plaintiff argues that the trial court erred in construing ORS 646.612(1) broadly to mean that compliance with any regulations involving the same subject precludes application of UTPA. She argues that the legislative history of UTPA shows that it was intended as broad remedial consumer

---

[1] That form, signed by plaintiff, included a statement that the purchase was "AS IS - NO WARRANTY."

[2] ORS 646.608(1) provides, in part:

"A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following:

"* * * * *

"(t)  Concurrent with tender or delivery of any real estate, goods or services fails to disclose any known material defect or material nonconformity."

[3] In its letter opinion, the trial court said:

"A seller should be able to follow a comprehensive federal regulation and not be subjected to liability under our Unfair Trade Practices Act. This would apply only when no affirmative misrepresentations are made. The clear intent of the regulations adopted under the Magnuson-Moss Warrant Act is to make certain that a buyer purchasing a used car 'as is' is aware of the full consequences of the agreement."

legislation, *see Denson v. Ron Tonkin Gran Turismo, Inc.,* 279 Or 85, 566 P2d 1177 (1977), and that the legislature specifically rejected the option to tie UTPA to federal interpretations.[4] She contends that the only reading of ORS 646.612(1) consistent with the legislative intent is that the act applies only in situations where there is an express mandate or requirement under federal, state or local law, with which the defendant's conduct *must* comply.

Defendant's position is that the federal government has preempted the field of regulation regarding disclosures in the sale of used motor vehicles and that that preemption is recognized in ORS 646.612(1). It argues that the FTC rule makes it a deceptive practice for any used car dealer to misrepresent the mechanical condition of a used vehicle, 16 CFR § 455.1(a)(1), but, by using the Buyer's Guide form provided in the rule, *see* 16 CFR § 455(2), a used car dealer avoids that prohibition. Defendant argues that, because it complied with the rule that covers the same conduct that is the "gravamen" of plaintiff's claim, she has no action.

Although both the FTC rule and UTPA are for consumer protection, that coincidence of objectives does not mean that the federal law has preempted Oregon legislation. The authorizing legislation for the FTC's promulgation of the rule does not indicate that Congress intended to control the field exclusively. The Magnuson-Moss Act disavows any intention of Congressional preemption. 15 USC § 2311(b)(1). Furthermore, enforcement of ORS 646.608(1)(t) does not conflict with the federal rule, which has no requirement of disclosure. The Oregon provision adds an additional, higher requirement, and Oregon was free to make that addition. *See Florida Avocado Growers v. Paul,* 373 US 132, 142, 83 S Ct 1210, 10 L Ed 2d 248 (1963); *W.J. Seufert v. Nat'l Rest. Sup. Co.,* 266 Or 92, 100, 511 P2d 363 (1973).

Defendant next argues that the history of the FTC rule shows that the FTC specifically decided not to require dealers to disclose known defects, because the commission

---

[4] In support, plaintiff cites the legislative history, which shows that Senate Bill 50, one of the component bills that produced UTPA in 1971, contained language which would have tied UTPA to federal interpretations. That language was deleted.

was concerned that doing so would mislead potential customers into assuming that a used car had no defects. *See Consumer's Union of U.S., Inc. v. F.T.C.,* 801 F2d 417 (DC Cir 1986). Defendant urges that interpreting Oregon law to require disclosure would frustrate the purposes of the FTC rule and, thus, would be in conflict with the rule.

■■ Policy reasons that the FTC gave for its choice in enacting its regulations do not determine the construction of ORS 646.612. The purpose of UTPA is to protect consumers from certain acts. *Investigators, Inc. v. Harvey,* 53 Or App 586, 592, 633 P2d 6 (1981). One of those protections is against the failure by a seller to reveal known, material defects. We construe ORS 646.612(1) to exempt only *conduct* that is *mandated* by other laws. *See State ex rel Redden v. Discount Fabrics,* 289 Or 375, 382, 615 P2d 1034 (1980). That construction avoids situations where compliance with other laws would result in violations of UTPA and still permits enforcement of non-conflicting, albeit stricter, provisions of UTPA.

ORS 646.612(1) exempts "[c]onduct in compliance with the orders or rules of * * * [an] agency." Here, the FTC regulation is silent as to disclosure of known defects. Compliance with ORS 646.608(1)(t) does not conflict with the FTC requirements. We conclude that the FTC regulation does not pre-empt ORS 646.608(1)(t).

Defendant makes three cross-assignments of error to support upholding the summary judgment in its favor, none of which requires discussion. All involve material issues of fact, precluding summary judgment. *Seeborg v. General Motors,* 284 Or 695, 588 P2d 1100 (1978).[5]

Reversed and remanded.

---

[5] Defendant claims that, as a matter of law, punitive damages should not be allowed, because to do so would violate the right of free expression under Article I, section 8, of the Oregon Constitution, which prohibits any law "restraining the free expression of opinion * * *." It relies on *Wheeler v. Green,* 286 Or 99, 593 P2d 777 (1979), in which the court held that punitive damages are not recoverable in defamation cases. Defendant argues summarily that *Wheeler* cannot "logically be limited to defamation cases." *Wheeler* holds that punitive damages are unavailable in a case in which the tortious conduct is the communica tion activity itself. It has no application to this case, in which the misconduct is an improper commercial practice.