**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW ABRAHAM, on behalf of himself, and for all others similarly situated,<br><br>           *Plaintiff-Appellant*,<br><br>v.<br><br>CORIZON HEALTH, INC., FKA Prison Health Services, Inc.,<br>           *Defendant-Appellee*. | No. 19-36077<br><br>D.C. No. 3:16-cv-01877-JR<br><br>ORDER CERTIFYING QUESTION TO OREGON SUPREME COURT |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 7, 2020
Seattle, Washington

Filed January 28, 2021

Before: Eric D. Miller and Daniel A. Bress, Circuit Judges,
and Stanley A. Bastian,[*] District Judge.

Order by Judge Miller

---

[*] The Honorable Stanley A. Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Certification of Question to Oregon Supreme Court

The panel certified the following question to the Oregon Supreme Court:

> Is a private contractor providing healthcare services at a county jail a "place of public accommodation" within the meaning of Oregon Revised Statutes § 659A.400 and subject to liability under § 659A.142?

### COUNSEL

Carl Post (argued) and John Burgess, Law Offices of Daniel J. Snyder, Portland, Oregon, for Plaintiff-Appellant.

Sara Kobak (argued) and Anne M. Talcott, Schwabe, Williamson & Wyatt P.C., Portland, Oregon, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## **ORDER**

MILLER, Circuit Judge:

We respectfully certify the following question to the Oregon Supreme Court under Oregon Revised Statutes § 28.200:

> Is a private contractor providing healthcare services at a county jail a "place of public accommodation" within the meaning of Oregon Revised Statutes § 659A.400 and subject to liability under § 659A.142?

The certified question of law is determinative of this appeal, and there appears to be no controlling precedent in the decisions of the Oregon Supreme Court or the Oregon Court of Appeals. Or. Rev. Stat. § 28.200. We proceed to explain "all facts relevant to the question[] certified," "the nature of the controversy in which the question[] arose," and the "question[] of law to be answered." *Id.* § 28.210.

I

Because the district court decided this case on a motion to dismiss, we assume the truth of the facts as set out in the complaint. *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 688 n.2 (9th Cir. 2019).

On October 23, 2015, Andrew Abraham was arrested and taken to the Clackamas County Jail. Abraham is deaf and communicates through American Sign Language (ASL). He is also diabetic. While in jail, Abraham was deemed a suicide risk and placed for several days "under the care and supervision" of Corizon Health, Inc., a private healthcare company that contracts to provide medical services to the

inmates of the Clackamas County Jail. According to Abraham, these medical services were provided at the jail.

Corizon did not provide Abraham an ASL interpreter. Instead, it used "paper sheets to communicat[e]" with Abraham. Abraham alleges that Corizon's failure to provide an ASL interpreter resulted in a series of miscommunications that caused him to be incorrectly placed on suicide watch and denied meals and insulin.

Abraham sued Corizon on behalf of a putative class of deaf inmates under the Oregon Public Accommodation Act, which makes it unlawful "for any place of public accommodation" to discriminate against "a customer or patron" because he or she "is an individual with a disability." Or. Rev. Stat. § 659A.142(4). He also brought various federal claims, which are no longer at issue here. The district court dismissed Abraham's claim under section 659A.142 because the complaint sought only equitable relief, and as Abraham was no longer incarcerated, he lacked standing to seek such relief.

Abraham moved to amend his complaint to include a demand for compensatory damages. The district court denied leave to amend as futile because it concluded that section 659A.142 "does not apply to [Corizon]'s provision of medical services in the Jail." Specifically, the district court held that Corizon is not a "place of public accommodation" under Oregon Revised Statutes § 659A.400(1)(a).

Abraham appealed. In an unpublished memorandum disposition, we affirmed the dismissal of the federal claims and vacated and remanded as to Abraham's section 659A.142 claim. *Abraham v. Corizon Health, Inc.*, 775 F. App'x 301, 303 (9th Cir. 2019). We noted that "Oregon

courts have yet to address whether a private contractor like Corizon constitutes a 'place of public accommodation,'" and we instructed the district court to "consider its jurisdiction over Abraham's § 659A.142 claim" anew in light of the dismissal of the federal claims. *Id.*

On remand, the district court determined that it had diversity jurisdiction over Abraham's section 659A.142 claim. *See* 28 U.S.C. § 1332. Abraham again moved to amend his complaint to allege compensatory damages. He also asked the district court to certify the following question to the Oregon Supreme Court: "Whether private entities that provide services at a local correction facility are excluded from the definition of 'a place of public accommodation' and therefore exempt from Or. Rev. Stat. § 659A.142?"

The district court referred both motions to a magistrate judge. The magistrate judge recommended resolving the dispositive question of Oregon law. The magistrate judge reasoned that "Oregon's public accommodation laws apply solely to private entities that are open to the public or provide services/accommodations to the public," and "the statutory definition of 'place of public accommodation' expressly excludes places furnishing services to involuntarily detained individuals (i.e., federal and local correctional facilities, state hospitals, and youth correction facilities), as well as places that are in their 'nature distinctly private.'" Accordingly, the magistrate judge recommended that the motion to certify be denied and the motion to amend the complaint be denied as futile. The district court adopted the findings and recommendation in full and denied the motions.

## II

Under Oregon law, "[i]t is an unlawful practice for any place of public accommodation, resort or amusement as

defined in ORS 659A.400, or any person acting on behalf of such place, to make any distinction, discrimination or restriction because a customer or patron is an individual with a disability." Or. Rev. Stat. § 659A.142(4). The question of statutory interpretation on which this case turns is whether Corizon is a "place of public accommodation." Section 659A.400 provides the following definition:

> (1) A place of public accommodation, subject to the exclusions in subsection (2) of this section, means:
>
>> (a) Any place or service offering to the public accommodations, advantages, facilities or privileges whether in the nature of goods, services, lodgings, amusements, transportation or otherwise.
>>
>> (b) Any place that is open to the public and owned or maintained by a public body, as defined in ORS 174.109, regardless of whether the place is commercial in nature.
>>
>> (c) Any service to the public that is provided by a public body, as defined in ORS 174.109, regardless of whether the service is commercial in nature.
>
> (2) A place of public accommodation does not include:
>
>> (a) A Department of Corrections institution as defined in ORS 421.005.

(b) A state hospital as defined in ORS 162.135.

(c) A youth correction facility as defined in ORS 420.005.

(d) A local correction facility or lockup as defined in ORS 169.005.

(e) An institution, bona fide club or place of accommodation that is in its nature distinctly private.

Were we to answer the question presented, we would be required to predict how the Oregon Supreme Court would decide the issue. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938); *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017). In this case, the parties make competing arguments based on the statute's text and history. Abraham contends that Corizon's treatment of inmates at Clackamas County Jail is a "service" offered "to the public" under section 659A.400(1)(a). He explains that Corizon lacks discretion as to whom its services are provided and must treat all inmates incarcerated at the jail. Abraham further argues that Corizon, as a private contractor, may not invoke the exemption for "local correction facilit[ies]." Instead, he suggests that the legislature's specific exemption of state-controlled entities in section 659A.400(2)(d) creates a negative implication that private providers of services at a jail are encompassed by the basic definition in section 659A.400(1)(a).

Corizon, by contrast, argues that it does not offer its services "to the public," or is otherwise exempt from liability under sections 659A.400(2)(d) and (e). Corizon explains that

it serves only jail inmates, who must be arrested and incarcerated to be eligible for treatment, and thus does not offer its services to the public at large. Corizon also points to legislative history that, in its view, reflects an intent to exclude all services provided at correctional facilities from the statute's reach. Finally, Corizon argues that it cannot be liable to Abraham because inmates who receive services at a jail are not "customer[s] or patron[s]" under section 659A.142(4).

Our assessment of those arguments is informed by decisions of the Oregon courts construing the term "place of public accommodation" in a variety of contexts. *See, e.g.*, *Schwenk v. Boy Scouts of Am.*, 551 P.2d 465, 465–70 (Or. 1976) (Boy Scouts); *Lahmann v. Grand Aerie of Fraternal Ord. of Eagles*, 121 P.3d 671, 673 (Or. Ct. App. 2005) (national fraternal organization); *Lloyd Lions Club of Portland v. International Ass'n of Lions Clubs*, 724 P.2d 887, 888–91 (Or. Ct. App. 1986) (local club); *Parsons v. Henry*, 672 P.2d 717, 721 (Or. Ct. App. 1983) (custom builder); *Graham v. Kold Kist Beverage Ice, Inc.*, 607 P.2d 759, 762 (Or. Ct. App. 1979) (wholesaler).

Most recently, the Oregon Court of Appeals has articulated a two-part test to determine whether a private entity is a "place of public accommodation" under section 659A.400(1)(a), asking first whether "the organization is a business or commercial enterprise" and, second, whether "its membership policies are so unselective that the organization can fairly be said to offer its services to the public." *Lahmann*, 121 P.3d at 673 (internal quotation marks and citation omitted). But Oregon courts have yet to address whether a private contractor like Corizon constitutes a "place of public accommodation." And although Corizon seems clearly to be "a business or commercial enterprise," we are

uncertain whether Oregon courts would consider it "to offer its services to the public." *Id.* Corizon, a private healthcare provider that contracts with an exempt state-controlled entity, is unlike the businesses and membership-based organizations previously considered in the Oregon case law. Nor does any case resolve whether Corizon is exempt under section 659A.400(2)(d), or whether section 659A.142(4)'s use of the terms "customer or patron" excludes plaintiffs like Abraham.

In sum, there is no controlling precedent of the Oregon Supreme Court or the Oregon Court of Appeals as to whether Corizon is a "place of public accommodation" under section 659A.400 and subject to liability under section 659A.142. *See* Or. Rev. Stat. § 28.200; *Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 631–32 (Or. 1991).

## III

Abraham has asked us to certify the question to the Oregon Supreme Court rather than decide it ourselves. The grant of diversity jurisdiction in section 1332 authorizes federal courts to decide questions of state law—even questions of state law that lack obvious answers. Thus, "[w]e invoke the certification process only after careful consideration and do not do so lightly." *Murray*, 924 F.3d at 1072 (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003)). But our recent decision in *Murray* reminds us to evaluate certification based on such factors as "(1) whether the question presents important public policy ramifications yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism." *Id.* (internal quotation marks and citation omitted).

The first two factors are particularly relevant here, and they both counsel in favor of certification. Most importantly, the certified question is one of first impression that implicates two key policy interests of the State of Oregon: the State's sovereign interest in the enforcement of its antidiscrimination laws and its proprietary interest in its relationships with service providers at correctional facilities. In addition, the question is likely to recur and may also apply to other private contractors providing services at correctional facilities and other statutorily exempt state facilities. *See* Or. Rev. Stat. § 659A.400(2)(a)–(d).

We further conclude that the criteria for certification set forth in Oregon Revised Statutes § 28.200 are satisfied. *See generally Western Helicopter*, 811 P.2d at 630 ("(1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that 'may be determinative of the cause;' and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals." (quoting Or. Rev. Stat. § 28.200)).

For these reasons, we respectfully ask the Oregon Supreme Court to exercise its discretionary authority to accept and decide the question set forth above. "Our phrasing of the question[] should not restrict the [c]ourt's consideration of the issues involved," and "[w]e acknowledge that the court may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties." *Raynor v. United of Omaha Life Ins. Co.*, 858 F.3d 1268, 1273 (9th Cir. 2017) (internal quotation marks, alterations, and citations omitted). If the court decides that the question presented is inappropriate for certification, or if it declines the certification for any other

reason, we request that it so state, and we will resolve the question according to our best understanding of Oregon law.

Abraham's motion to certify a question to the Oregon Supreme Court is therefore **GRANTED**. The clerk of this court shall file a certified copy of this order with the Oregon Supreme Court under Oregon Revised Statutes § 28.215. This appeal is withdrawn from submission and will be submitted following receipt of the Oregon Supreme Court's opinion on the certified question or notification that it declines to answer the certified question. The clerk is directed to administratively close this docket pending further order. The panel shall retain jurisdiction over further proceedings in this court. The parties shall notify the clerk of this court within one week after the Oregon Supreme Court accepts or rejects certification. In the event the Oregon Supreme Court grants certification, the parties shall notify the clerk within one week after the court renders its opinion.

**IT IS SO ORDERED.**

/s/ Eric D. Miller
Eric D. Miller,
United States Circuit Judge,
Presiding